IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE MOORE, | ) | CASE NO. 1:09 CV 1425 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE NUGENT |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | MAGISTRATE JUDGE McHARGH |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to Local Rule. The issue before the undersigned is whether the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Lonnie Moore's application for Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423 is supported by substantial evidence and, therefore, conclusive.

On February 12, 2010, the parties filed an agreed motion for remand, petitioning the Court to enter an order and judgment reversing and remanding this case to the Commissioner for a new hearing and further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), and an unopposed motion for the destruction of pages in the administrative record.

A sentence four remand under 42 U.S.C. § 405(g) is a remand after a final decision by the Court reversing the denial of benefits by the Secretary in order to correct an error by the Secretary, even if the rehearing to correct the error requires the taking of additional evidence. *Shalala v. Schaefer,* 509 U.S. 292, 296-98 (1993). The agreed motion indicates that the parties have conferred by email and telephone and agree that remand for further proceedings is appropriate in this case.

(Doc. 18, at 1-2). According to the motion, Plaintiff argued in his brief on the merits "that the Commissioner's decision is not supported by substantial evidence, in part, because the ALJ inadvertently relied on a medical record belonging to an individual other than Plaintiff." Id. (citing doc. 15, tr. 33).

The parties also request in the agreed motion that the Clerk of Court destroy nine pages in the certified administrative record that pertain to individuals other than Plaintiff (Tr. 60-62, 76-78, 159-60, 251). The parties agree that it is necessary to destroy these nine pages "in order to preserve the confidentiality of the third-party documents." (Doc. 18, at 2-3). The parties also indicate that they will destroy all copies of the relevant pages in their possession. Id. at 3.

Accordingly, the Court recommends that the parties' motion be GRANTED and that the decision of the Commissioner be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Court further recommends, pursuant to the parties' joint request, that the Clerk destroy the following nine pages in the certified administrative record: Tr. 60-62, 76-78, 159-60, and 251.

                                                  s/ Kenneth S. McHargh
                                                  Kenneth S. McHargh
                                                  United States Magistrate Judge

Date: February 12, 2010.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation.